## KELLY vs. BLISS.

*November 12 — November 25, 1884.*

*Rescission or resale — Variance.*

The rescission of a contract of sale is in effect the same as a resale to the vendor upon the terms of the original sale; and under a complaint alleging the former the plaintiff may recover upon evidence and a finding of the latter.

APPEAL from the Circuit Court for *Milwaukee* County.

Action to recover the sum of $450 and interest alleged to be due to the plaintiff upon an express oral agreement. The facts sufficiently appear from the opinion. There was a verdict for the plaintiff, and from the judgment entered thereon the defendant appealed.

For the appellant there was a brief by *Fish & Dodge,* and oral argument by *Mr. Fish.*

*Edwin White Moore,* for the respondent.

ORTON, J. The complaint, as we understand it, sets out the preliminary facts that the defendant owned one half of the vessel Mechanic, and that the plaintiff bought of him one sixth of such one-half for $675, and paid $450 of that amount, and the balance was to be paid by the future earnings of the vessel; that no account of such earnings was kept or presented to the plaintiff, but that they were probably sufficient to cancel such balance; that thereafter the vessel was wrecked and destroyed by reason of the negligence of a certain tug, by the name of Margaret, and that the defendant, with other pretended owners of the vessel, brought suit in the federal court for such loss against the owners of the tug, and that it was agreed between the plaintiff and defendant that the said purchase of the one-sixth of the one-half interest should be rescinded, and that the defendant would pay or repay the said $450 to the plaintiff,

with interest from the date of the said purchase, in case of a recovery in said suit, and as soon as the judgment was paid, upon the condition or for the consideration that the plaintiff should do what he could to aid in the prosecution of said suit, and render services and assistance therein; that a recovery was had in said suit of $14,809.62, and that the defendant's share thereof was $7,404.80, and that the plaintiff did so aid and render service and assistance in the prosecution of the suit and in procuring said judgment, and that after said judgment was rendered the defendant again agreed to pay the plaintiff said $450 and interest as aforesaid. The matters of the answer are immaterial, except the denial of the agreement. The plaintiff's abandonment of his interest in the vessel is alleged.

The answer and evidence relating to the history, expenses, earnings, repairs, rebuilding, and losses of the vessel, are clearly impertinent to the case. If the above facts are true, the plaintiff would be entitled to recover, admitting all these irrelevant facts stated in the answer; and if they are not true, he cannot. Nearly all the errors assigned consist in the exclusion of all such irrelevant matter by the court in the evidence and findings of the jury. The court was so evidently right in doing so that the rulings of the court relating thereto will not be considered further than approved. The pretended errors of instructing the jury that they might find the fact of rescission from the circumstances and conduct of the parties, and that they might find a resale of the one-sixth interest back, or a sale of it to the defendant, are dissipated by the elementary principles that circumstantial evidence is legal evidence, and may be very strong evidence, and that the effect of the rescission of the contract of purchase is to sell back and convey to the defendant such one-sixth interest, not technically, perhaps, but substantially. If the jury had found that, instead of a formal rescission of the contract or purchase, the plaintiff parted with his interest

in the vessel and passed it over to the defendant, and that the defendant was to pay him therefor just the amount the plaintiff had formerly paid him for it and interest, when said judgment was paid, it would not be a substantial variance from the complaint alleging a rescission of the purchase on those terms; and the liability of the defendant to pay the $450 and interest would be as well established.

This case was more than thoroughly contested by the learned counsel, and a very large mass of matter injected into it not relevant to the plain and simple issue, and the case here is voluminous.   But we must look solely to the real substance of the transaction, and the very right and justice of the parties, if legally presented.   The result depended upon the credibility of the parties, and we think the testimony of the plaintiff was strongly corroborated by the circumstances, and that the verdict of the jury was justified by the evidence.   The charge of the court was clear and pertinent to the issue, and without error, and it was well that all irrelevant matter was excluded which would have tended only to confuse the jury.   We find no error in the record.

*By the Court.*— The judgment of the circuit court is affirmed.